# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**ZACH ANSLEY***, individually and on behalf of all those similarly situated,*

      **Plaintiff,**

v.

                                       **JURY TRIAL DEMANDED**

**HALSTED FINANCIAL SERVICES, LLC,**

      **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff Zach Ansley ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Halsted Financial Services, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Hillsborough County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

3.     Venue of this action is proper in this Court because, the cause of action alleged below arose in Hillsborough County, Florida.

## PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Kentucky, residing in Hillsborough County, Florida.

5.     Defendant is an Illinois limited liability company, with its principal place of business located in Illinois.

## DEMAND FOR JURY TRIAL

6.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7.     On a date better known to Plaintiff, Defendant began attempting to collect an alleged debt from Plaintiff (the "Consumer Debt").

8.     The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9.     The Subject Service was primarily for personal, family, or household purposes.

10.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

11.    Defendant is a business entity engaged in the business of collecting consumer debts.

12.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13.    As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## The Unlawful Communications

14.    On a date better known to Plaintiff, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication").

15.    On or about January 29, 2026, Plaintiff sent Defendant a communication informing Defendant that Plaintiff refused to pay the Consumer Debt (the "Refusal Notice").

16.    A screenshot of the "Refusal Notice" is attached hereto as "Exhibit A."

17.    Upon information and belief, the Refusal Notice was delivered to Defendant on January 29, 2026.

18.    On or about February 16, 2026, despite receiving the Refusal Notice, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Subject Collection Communication").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

19.   A screenshot of the Second Collection Communication is attached hereto as "Exhibit B."

20.   The Second Collection Communication stated: "Visit https://portal.halstedfinancial.com/s/1NfE2 or call 888-883-0169 to take advantage of payment options on your outstanding balance of $844.12 for your Credit One Bank, N.A. account.."

## CLASS ALLEGATIONS

### PROPOSED CLASS

21.   Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Class.

22.   The **"Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer notified Defendant that they refused to pay the debt being collected.

23.   Defendant and its employees or agents are excluded from the Class.

24.   Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## NUMEROSITY

25.    Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer Defendant of their refusal to pay. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26.    The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

27.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

28.    The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

29.    Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

30.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

31.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
*(For Plaintiff and the Class)*

33. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 1-32 of this Class Action Complaint as though fully stated herein.

34. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer *refuses to pay*, the debt collector *shall not communicate further* with the consumer with respect to such debt." 15 U.S.C. § 1692c(c) (emphasis added).

35. On or about January 29, 2026, Defendant was notified in writing, by and through the Refusal Notice, that Plaintiff refused to pay the Consumer Debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

36.     The Refusal Notice stated: "I am refusing the debt."  *See* <u>Exhibit B</u>.

37.     As such, Defendant knew that it was notified by Plaintiff that Plaintiff refused to pay the Consumer Debt. Despite knowing this, Defendant communicated with and/or contacted Plaintiff, by and through the Subject Collection Communication, in an attempt to collect the Consumer Debt.

38.     Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Collection Communication.

## PRAYER FOR RELIEF

39.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b)     Statutory damages as provided by 15 U.S.C. §1692k;

(c)     An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(c);

(d)     An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(c);

(e)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(f)      Any other relief that this Court deems appropriate under the circumstances.

DATED: March 24, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya_____
**ZANE C. HEDAYA, ESQ.**
*Lead Counsel for Plaintiff*
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com